UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | 5:02-CR-13(1) |
| | § | |
| DERRIAN CARON FOSTER | § | |

REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE

On April 17, 2007, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Richard Moore. Defendant was represented by Craig Henry.

Derrian Caron Foster was sentenced on February 20, 2003, before The Honorable David Folsom of the Eastern District of Texas after pleading guilty to the offense of misdemeanant in possession of a firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of ten years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of III, was 24 to 30 months. Derrian Caron Foster was subsequently sentenced to 24 months followed by three years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and a $100 special assessment. On May 28, 2004, Derrian Caron Foster completed his period of imprisonment and began service of the supervision term.

On October 5, 2005, the Court modified Mr. Foster's conditions to include that he shall not come within 100 feet of Jacqueline Rochelle Dennis and shall have no contact in any form, to include verbal, written, or through a third party, with Jacqueline Rochelle Dennis. On December 19,

2005, the Court modified Mr. Foster's conditions to include that under the guidance and direction of the U.S. Probation Office, the defendant shall participate in any combination of psychiatric, psychological, or mental health treatment, which shall include anger management, as deemed appropriate by the treatment provider.

On April 12, 2007, the instant petition to revoke was filed. In its petition, the Government alleges Defendant violated the following conditions:

1) Defendant shall not commit another federal, state, or local crime. Specifically, the Government alleges as follows. On March 5, 2007, Mr. Foster was arrested by the Texarkana, Texas, Police Department for committing the offense of theft on or about March 3, 2007, in Bowie County, Texas, by removing a semi-trailer from the parking lot of DeBoer Transportation and removing approximately 264 cases of alcohol with an estimated value of $6,750 without the owner's permission. Mr. Foster signed a voluntary statement where he admitted to committing the offense.

2) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. Specifically, the Government alleges as follows. Mr. Foster was arrested for theft by the Texarkana, Texas, Police Department on March 5, 2007, and he bonded out of custody on March 9, 2007. At no time prior to our office contacting him and instructing him to report to our office on April 5, 2007, did he call his probation officer and report that he had been arrested.

3) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer. Specifically, the Government alleges as follows. On April 5, 2007, and in his voluntary statement given on March 6, 2007, Mr. Foster stated that Antonio Taylor assisted him in committing

the theft and was the individual who planned the event, thus violating the condition by associating with Mr. Taylor while engaged in criminal activity.

4) Defendant shall notify the probation officer ten days prior to any change of residence or employment. Specifically, the Government alleges as follows. On April 5, 2007, Mr. Foster stated that he moved to his mother's address in Garland, AR., around March 9, 2007. At no time prior to this date did he notify the U.S. Probation Office that he had changed his residence.

The Court scheduled a revocation hearing April 17, 2007. At the hearing on the Government's petition and after consenting to the undersigned's taking the plea, Defendant pled true to allegations as set forth above. Based upon Defendant's plea of true to the allegations and with no objection by the Defendant or the Government, the Court found Defendant violated his conditions of supervised release as alleged in the U.S. Probation Office's violation petition. The Court further recommended that the term of supervised release be revoked.

The Court thereafter recommended Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months to run consecutive to any sentence received in Bowie County, Texas, as the result of the theft charge, with no supervised release to follow the term of imprisonment. The Court further recommended that the Court request a facility closest to Bowie County, Texas for service of sentence. Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the allegations as set forth in the Government's petition be **ACCEPTED**. Further, it is

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. Further, it is

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months to run consecutive to any sentence received in Bowie

County, Texas, as the result of the theft charge, with no supervised release to follow the term of imprisonment. It is further

**RECOMMENDED** that the Court request a facility closest to Bowie County, Texas for service of sentence.

The parties were informed of the right to file objections to the recommendations as set forth above. Both parties waived their objections.

**SIGNED this 18th day of April, 2007.**

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE